IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00701-BNB

DONTE GRISSOM, SR.,

    Plaintiff,

v.

THE CITY AND COUNTY OF DENVER,
DETECTIVE VIGIL, Denver Police Dept., 4685 Peoria, Denver, CO 80239,
OFFICER PEAKS, Denver Police Dept., 4685 Peoria, Denver, CO 80239, and
UNKNOWN AND KNOWN EXPERTS, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 1 8 2006

GREGORY C. LANGHAM
CLERK

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Donte Grissom, Sr., is a prisoner who currently is incarcerated at the Denver County Jail. He has filed *pro se* a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (Supp. 2006) and an amended civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 (2003), apparently pursuant to 42 U.S.C. § 1985(2) and (3) (2003), and pursuant to 42 U.S.C. § 1986 (2003), and 18 U.S.C. §§ 241 and 242 (2000). Mr. Grissom has been granted leave to proceed pursuant to § 1915 without payment of an initial partial filing fee.

The Court must construe the complaint liberally because Mr. Grissom is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Grissom will be ordered to file a second amended complaint.

The Court has reviewed the amended complaint and has determined that the amended complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Grissom's amended complaint is vague. The amended complaint does not include a short and plain statement of his claims showing that he is entitled to relief in this action. *See* Fed. R. Civ. P. 8(a)(2). Mr. Grissom makes claims that attack the validity of his conviction, apparently on charges of first-degree murder and vehicular eluding. He also claims that he was subjected to excessive force at the time of his

arrest, and that the Denver Police seized his automobile and clothing from him, neither of which was involved in his criminal case. However, he fails to allege the dates when each of these events occurred, who he is suing on each claim, and which statute corresponds with which claim.

Rather than summarizing each claim succinctly, Mr. Grissom apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Grissom's responsibility to edit and organize his claims and supporting allegations into a manageable format. Neither the defendants nor the Court is required to do this work for him. Mr. Grissom must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated, and the specific acts of each defendant that allegedly violated his rights.

Mr. Grissom also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Grissom may not sue the City and County of Denver. Municipalities and

municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. ***Monell v. New York City Dep't of Social Servs.***, 436 U.S. 658, 694 (1978); ***Hinton v. City of Elwood, Kan.***, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. ***City of Canton, Ohio v. Harris***, 489 U.S. 378, 385 (1989). Mr. Grissom cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See **Monell***, 436 U.S. at 694.

No facts are alleged which would support a claim under 42 U.S.C. § 1985(2), which deals with obstructing justice and intimidating a party, witness, or juror. Under 42 U.S.C. § 1985(3), the plaintiff must show: (1) a conspiracy; (2) to deprive the plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting from the conspiracy. ***Griffin v. Breckenridge***, 403 U.S. 88, 102-03 (1971). Furthermore, § 1985(3) only applies to conspiracies motivated by some class-based invidiously discriminatory animus. ***Tilton v. Richardson***, 6 F.3d 683, 686 (10th Cir. 1993). Mr. Grissom fails to allege that he has been subjected to any class-based invidiously discriminatory animus. Mr. Grissom also fails to allege any overt acts of conspiracy which are necessary to all § 1985 claims. Vague and conclusory allegations of a conspiracy are not sufficient when unsupported by a description of particular overt acts. ***Benavidez v. Gunnell***, 722 F.2d 615, 618 (10th Cir. 1983). Liability under 42 U.S.C. § 1986 is derivative of § 1985 liability. ***Wright v. No Skiter, Inc.***, 774 F.2d 422, 426 (10th Cir. 1985).

To the extent Mr. Grissom is attempting to initiate a federal criminal prosecution pursuant to 18 U.S.C. § 241 and 242, he seeks to invoke the authority of United States attorneys under 28 U.S.C. § 547 (1993) to prosecute for offenses against the United States. He may not do so. Courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to institute federal criminal proceedings."). Therefore, to the extent he is attempting to do so, Mr. Grissom lacks standing to maintain a criminal action.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and that Mr. Grissom should be given an opportunity to file an amended complaint. He will be directed to do so below.

Finally, Mr. Grissom is advised that he must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Grissom should review his claims carefully to ensure that each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Mr. Grissom file **within thirty (30) days from the date of this order** a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Grissom, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Grissom submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Grissom fails to file an original and sufficient copies of a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be

dismissed without further notice.

DATED July 18, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00701-BNB

Donte Grissom, Sr.
Prisoner No. 105480
Trinidad Corr. Facility
PO Box 2000
Trinidad, CO 81082

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 7/18/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk